UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CATHY M.,

                 Plaintiff,

v.                                                                CASE # 20-cv-1787

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                                       JUSTIN D. JONES, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.   **RELEVANT BACKGROUND**

    A.   **Factual Background**

Plaintiff was born on January 26, 1971 and has at least a high school education. (Tr. 155, 181). Generally, plaintiff's alleged disability at the time of application was herniated discs in the neck, bulging disc in the lower back, and left shoulder pain. (Tr. 180). Her alleged onset date of disability was June 11, 2017, and her date last insured was September 30, 2019. (Tr. 177).

    B.   **Procedural History**

On January 25, 2018, plaintiff protectively applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 155). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 23, 2020, plaintiff appeared before ALJ Theodore Kim. (Tr. 32-63). On February 27, 2020, ALJ Kim issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-26). On October 26, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2019 (Exhibits 4D, 8D).

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 11, 2017 through her date last insured of September 30, 2019 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical spine with myelopathy, radiculopathy, and cervical facet syndrome; left shoulder AC arthritis; degenerative disc disease of the lumbar spine with myelopathy, radiculopathy and lumbar facet syndrome; left wrist tendonitis;

|   |   |
|---|---|
|   | bilateral hand tremor; plantar fascial fibromatosis; metatarsalgia and arthropathy right foot; and complex regional pain syndrome right lower extremity. (20 CFR 404.1520(c)). |
| 4. | Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526). |
| 5. | After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except the claimant can occasionally reach overhead with the left upper extremity and can frequently operate hand controls, reach in all other directions, push, pull, handle, finger, and feel with the left upper extremity. The claimant can frequently operate hand controls, reach, push, pull, handle, finger, and feel with the right upper extremity. The clamant can occasionally push or pull or operate foot controls with both lower extremities. The clamant can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. The clamant can never climb ladders, ropes and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. The clamant can tolerate occasional exposure to vibration. In addition, the clamant is able to understand, carry-out, and remember simple instructions, and make simple work related decisions. |
| 6. | Through the date last insured, the claimant is unable to perform any past relevant work (20 CFR 404.1565). |
| 7. | The claimant was born on January 26, 1971, and was 48 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563). |
| 8. | The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564). |
| 9. | Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 10. | Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a). |
| 11. | The claimant has not been under a disability, as defined in the Social Security Act, at any time from June 11, 2017, the alleged onset date, through September 30, 2019, the date last insured (20 CFR 404.1520(g)). |

(Tr. 12-26).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Argument

Plaintiff's sole argument is that the ALJ did not properly consider the opinion of plaintiff's primary care physician. (Dkt. No. 10 [Pl's Mem. of Law]).

### B. Defendant's Arguments

In response, defendant argues the ALJ properly evaluated the medical opinion evidence and the RFC was supported by substantial evidence. (Dkt. No. 11 at 6 [Def.'s Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff's single argument is that the ALJ failed to properly consider the treating physician opinion of Dr. Sauret. (Dkt. No. 10 at 15). On August 5, 2019, Dr. Sauret completed a medical opinion, indicating plaintiff had chronic neck and low back pain, as well as foot pain. (Tr. 733). He opined her pain symptoms would constantly interfere with concentration and attention needed to perform even simple work; however, he also noted she would be capable of low stress work. (Tr. 734). In regard to physical limitations, he opined:

> Plaintiff was limited to sitting 30 minutes at a time and standing 20 minutes at a time. In an eight-hour workday, she could stand/walk less than two hours, and sit two hours. She would need to walk two minutes every 30 minutes. She could rarely lift less than ten pounds, and never more. She was limited to occasionally looking down, turning her head left or right, looking up, and holding her head in a static position. She was limited in using her hand, fingers, and arms for grasping, turning, twisting, manipulation, reaching, or reaching overheard for 40 percent of the day. She would miss more than four workdays per month. (Tr. 734-36).

Plaintiff's claim was filed on January 25, 2018, therefore the new regulations for evaluating opinion evidence applies. On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence", which were effective as of March 27, 2017. 82 Fed. Reg. 5844. The new regulations state that an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.1520c(a). Instead, an ALJ is to consider all medical opinions in the record and evaluate their persuasiveness based on the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) any "other" factor that "tend[s] to support or contradict a medical opinion." *Id*. § 416.920c(a)-(c). Despite the requirement to "consider" all of these factors, the ALJ's duty to articulate a rationale for each factor varies. *Id*. § 416.1520c(a)-(b).

Here, ALJ Kim considered all opinion evidence as well as the medical record in formulating the RFC. The ALJ found the opinions of consultative medical examiner Dr. Liu and state agency medical consultant Dr. Miller to be persuasive but determined Dr. Sauret's opinion to be unpersuasive and inconsistent with the medical evidence in this case. (Tr. 24). It was within the ALJ's discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record"); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting evidence.").

Consultative medical examiner Dr. Liu examined plaintiff on March 26, 2018 and determined only mild to moderate limitations for prolonged walking, bending, and kneeling, and moderate limitations for lifting, carrying, and overhead reaching with the left arm. (Tr. 505-8). The ALJ noted that this opinion was supported by Dr. Liu's own examination findings, in which plaintiff demonstrated some range of motion limitations in the left shoulder and cervical and lumbar spines and hand tremors, but otherwise generally had full strength and sensation in all extremities, full grip strength and dexterity, and a normal gait and stance under exam. (Tr. 506-7). The ALJ further noted that Dr. Liu's assessment was consistent with the record as a whole, which indicated that despite cervical and lumbar limitations in range of motion, plaintiff generally had a normal or only slightly antalgic gait, used no assistive device, had full strength and sensation in her extremities, and full hand grip strength and dexterity outside of periods leading up to or immediately following surgeries or operations. (Tr. 23-24, *referring to* Tr. 267-269 (normal coordination, sensation and strength), 287 (full strength), 288 (same), 348 (gait normal, normal

7

extremities), 351 (same), 354, 357, 360, 372, 375, 377, 506, 533, 603, 607, 611, 615, 619, 626 (steady gait, full strength), 631 (same), 635, 640, 644, 649).

Next, the ALJ discussed the opinion of state agency medical consultant Dr. Miller. (Tr. 24). He opined that plaintiff could perform work at the light exertional level with occasional postural limitations to stooping, kneeling, and crouching, and limitations to left overhead reaching. (Tr. 71-72). The ALJ concluded that the opinion was supported by the record as a whole and found it persuasive. (Tr. 24)(comparing Dr. Miller's assessment to underlying medical examination findings in the record). "State agency medical and psychological consultants…are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." *Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (citing 20 C.F.R. § 404.1527(e)(2)(i).

Plaintiff does not allege any error in the ALJ's evaluation of the opinions of Drs. Liu and Miller, only the consideration of Dr. Sauret's opinion. (Dkt. No. 10 at 15). Contrary to plaintiff's assertion that the ALJ did not discuss the supportability or consistency factors, the ALJ explicitly stated Dr. Suaret's "limitations were extreme with no evidence in the record consistent with such limitations and the statement itself provides no evidence in support." (Tr. 24). Indeed, treatment notes from Dr. Sauret show plaintiff was in no acute distress, displayed normal gait, but also showed some pain with movement of her back. (Tr. 348, 354, 357, 360, 372, 707, 709, 712, 715, 723, 726, 728). The only treatment recommendation was pain management. (Tr. 494, 499). The treatment records are consistent with the RFC for a reduced range of light work. (Tr. 19). The extreme limitations in the opinion were unquestionably inconsistent with treatment records which reported normal gait and full muscle strength in the lower extremities. (Tr. 348 ("grossly intact. Gait normal"), 351 ("DTRs 1-2+ in all 4 extremities, normal gait, no focal signs"), 354 ("gait

normal"), 357 (same), 360, 372, 707, 709). When asked to describe the clinical findings and objective signs supporting his assessment, Dr. Sauret declined to identify any such findings. (Tr. 733). Some of the extreme limitations opined by Dr. Sauret do not have any relation to the medical record. For instance, Dr. Sauret claimed that plaintiff would have significant deficits in using her hands and fingers to manipulate objects bilaterally, yet her medical examinations described her hand and finger dexterity as intact. (Tr. 72, 507, 736).

In assessing a claimant's RFC, the ALJ is tasked to consider all relevant medical and other evidence, including any statements about what Plaintiff can still do provided by any medical sources. See 20 C.F.R. §§ 404.1545(a), 404.1527(d)(2), 404.1546(c). Furthermore, as the Second Circuit has noted, "an ALJ is free to . . . choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). ALJ Kim was performing his duty to resolve factual questions and sort between competing medical opinions. Because substantial evidence in the record supports the ALJ's determination, the ALJ's decision is affirmed. *See DeChirico v. Callahan*, 134 F.3d at 1182 (Commissioner's decision affirmed where substantial evidence for both sides).

**ACCORDINGLY, it is**

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is
        **DENIED**; and it is further

    **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 11) is
        **GRANTED**.

Dated: October 17, 2022  
Rochester, New York

_J. Gregory Wehrman_  
HON. J. Gregory Wehrman  
United States Magistrate Judge